DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:06-cr-00049-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PLEA AGREEMENT** |
| | ) | |
| JOSHUA GALLANT, | ) | |
| | ) | |
| Defendant. | ) | |

## I.   Introduction

### A.   *Summary*

This brief introduction sets forth a summary of the terms of the plea

agreement between JOSHUA GALLANT and the United States.  This summary is not intended to supersede the language that follows this subsection.

The defendant agrees to plead guilty to the following charge set forth in the Indictment in this case:

### B.    *Complete Agreement.*

This document contains the complete plea agreement between the United States and JOSHUA GALLANT.   No other agreement, understanding, promise, or condition exists between these two parties. The defendant understands this agreement is limited to the District of Alaska; it does not bind other federal, state or local prosecuting authorities.

### C.    *Federal Rules of Criminal Procedure.*

The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(C). This means that either JOSHUA GALLANT or the United States may withdraw from this agreement if the court deviates from the sentencing recommendation made by the United States and by defense counsel. The parties' recommendation is binding on the court once the court accepts the plea agreement. The parties recommend a sentence of 36 months of imprisonment.

### D.    *United States Sentencing Guidelines.*

Because this case arises out of conduct occurring after November 1, 1987, JOSHUA GALLANT's sentence will be considered by application of the United States Sentencing Commission Guidelines (U.S.S.G.).

In the wake of U.S. v. Booker, 543 U.S. 220 (2005), the Court must make a correct calculation under the existing Sentencing Guidelines, and then consider the final guideline calculation when determining the sentence to be imposed.

### E.    *Attorney's Fees and Costs.*

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney's fees and costs from the other party.

## II.    **What the Defendant Agrees to Do**

JOSHUA GALLANT agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

### A.    *Charges*

JOSHUA GALLANT agrees to plead guilty to Count 1 and admit Count 2 as set forth in the Indictment.

JOSHUA GALLANT is currently charged with the following offenses in the Indictment returned by the grand jury in this case:

> **Count 1:**    Felon in possession of a firearm in violation of 18 U.S.C.
>
> §§ 922(g)(1) and 924(a)(2).

**Count 2:**   Criminal forfeiture in violation of 18 U.S.C. § 924(d)(1).

**B.**   ***Limits on departures***

Unless specifically set forth in this plea agreement, the defendant agrees he will not seek any downward departures under the U.S.S.G. or any other authority.

**C.**   ***Fine.***

The parties have no agreement regarding any fine amount.

**D.**   ***Waivers of appellate and collateral attack rights***

The defendant understands that by pleading guilty he waives his right to appeal his conviction.  The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, and if the court accepts this plea agreement and imposes a sentence no greater than that agreed to herein for the offense of conviction, including any forfeiture under this plea agreement, he will knowingly and voluntarily waive his right, contained in 18 U.S.C. § 3742, to appeal the sentence  – including any forfeiture or conditions of supervised release imposed.   Furthermore, the defendant also knowingly and voluntarily agrees to waive his right to collaterally attack his conviction and/or sentence – including any forfeiture, whether civil or criminal, administrative or judicial or conditions of supervised release imposed.  The only exceptions to this

collateral attack waiver are as follows: 1) any challenge to his conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the time the court imposes sentence; and 2) a challenge to the voluntariness of his guilty plea.  The defendant agrees that if his guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

**F.    *Consequences of plea***

The defendant agrees to pay the special assessment owed in this case. Additionally, the defendant agrees to complete the Financial Statement of Debtor declaring all income, assets, and expenses, and include a copy of the defendant's last Federal Income Tax form filed.  Any false statements contained in the financial statement will subject the defendant to a separate prosecution for making False Statements to the United States pursuant to 18 U.S.C. § 1001.

### G.    *Waiver of Right to Jury Trial on Sentencing Factors*

The defendant, by entering this plea, also waives any right to have facts that the law makes essential to the punishment either (1) charged in the indictment, (2) proven to a jury, or (3) proven beyond a reasonable doubt.  The defendant explicitly consents to be sentenced pursuant to the applicable Sentencing Guidelines and to have the sentence based on facts to be found by the sentencing judge by a preponderance of the evidence.

### III.   <u>What the Government Agrees to Do</u>

A.    In exchange for JOSHUA GALLANT's plea of guilty to Count 1 and admission to Count 2 of the Indictment, the United States agrees not to prosecute the defendant further for any offense  −  now known  − arising out of the subject of the investigation.

Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if his sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause, including any charges dismissed

pursuant to the terms of this agreement, which charges will be automatically reinstated.

B.    The United States agrees not to seek any upward sentencing departures under the U.S.S.G. or any other authority.

IV.    **Advisement of Maximum Penalties and Conditions of Sentence**

A.    The maximum statutory penalty for the charge to which JOSHUA GALLANT is pleading guilty is as follows:

> **Count 1:**    Felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2): (1) ten (10) years in prison; (2) a $250,000 fine; (3) three (3) years of supervised release; and (4) a $100 special assessment.

B.    Pursuant to Comment 7 to U.S.S.G. § 5E1.2, the court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

C.    Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the court imposes a fine of more than $2,500.00, interest will be charged on the balance not paid within 15 days after the judgment date.

.

D.      Upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release.

E.      The court may order that the defendant pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

F.      All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

## V.      <u>Guideline Applications and Sentencing Issues</u> (the following estimates bind neither party nor the court)

### *<u>Count 1: Felon in possession of a firearm, in violation 18 U.S.C. §§ 922(g)(1) and 924(a)(2)</u>*

Base Offense Level (USSG § 2K2.1(a)(4)) . . . . . . . . . . . . . . . . . . . 20

Stolen Firearm (USSG § 2K2.1(b)(4)) . . . . . . . . . . . . . . . . . . . . . . +2

In Connection with a Felony (USSG § 2K2.1(b)(5) . . . . . . . . . . . . +4

Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3

Estimated Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Estimated Crim. Hist. Category . . . . . . . . . . . . . . . . . . . . . . . . . . . V

Estimated Sentencing Range . . . . . . . . . . . . . . . . . . . . . . 84-105 mos.

Agreed Sentence ................................... 36 mos.

### Criminal History Category

The parties have no agreement on the defendant's criminal history category. The government estimates that it would be Category V. The defendant understands that the court may find the defendant's criminal history to be higher or lower than the United States has estimated.

### No Upward or Downward Departures

The parties agree that neither the United States nor the defendant will seek any upward or downward sentencing departures unless specifically set forth in this plea agreement. No such upward or downward sentencing departures are specifically set forth in this plea agreement.

### Ultimate Sentence Left to Discretion of Court

The defendant fully understands that the court has total discretion to determine the ultimate sentence but that the defendant and the United States will be permitted to withdraw from this plea agreement if the court declines to accept the plea agreement and the recommendation of the parties.

## VI.    Elements of the Offense

**Count 1**: *Felon in Possession of a Firearm (18 U.S.C. § 922(g)(1) and § 924(a)(2))*:

In order to sustain a conviction for being a felon in possession of a firearm and ammunition, a violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), as charged in this case, the United States would have to prove beyond a reasonable doubt the following elements:

> **First:**  the defendant knowingly possessed a firearm and/or ammunition;
>
> **Second:**  the firearm and/or ammunition had been transported in interstate commerce; and
>
> **Third:**  the defendant had previously been convicted of a crime for which he could have been punished for a term exceeding one year in jail.

## VII.    Factual Basis for the Plea

The parties stipulate and agree to the truth of the following factual statement:

During the summer of 2004, the defendant and Jennifer Martin were in a romantic relationship and, at one point, were engaged to be married.  In the fall of

2004, the relationship ended. On October 28, 2004, the defendant was arrested for domestic violence assault against Martin. An ex parte 20-day protective order against the defendant was issued on behalf of Martin.

On November 6, 2004, the defendant contacted Martin at her residence in violation of the protective order. When the defendant left, Martin contacted Juneau police. Officers were unable to locate the defendant at either his place of employment or his residence. They eventually found the defendant hiding behind a shed in the back yard of Martin's residence. When contacted by police, the defendant admitted he was in possession of a firearm.

When pat-searched, officers found on the defendant's person an unloaded .45 caliber semiautomatic pistol in his waistband and a matching magazine in his front pocket loaded with 5 rounds of .45 caliber ammunition.

The firearm, a Llama .45 caliber semiautomatic pistol, model Mini-Max, serial number 71-04-07733-00, was manufactured out of the State of Alaska and transported in interstate commerce.

The defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, to wit: armed robbery in Anchorage in 1997.

**VIII.  Adequacy of the Agreement**

Pursuant to Local Criminal Rule 11.2 (D)(8), this plea agreement is appropriate in that it applies the same sentencing guideline provisions that would otherwise be applicable to the defendant's sentence if he had gone to trial and had been convicted on Count 1 of the Indictment.  The sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

**IX.  Defendant's Agreement and Understanding of the Terms of this Plea Agreement**

I, JOSHUA GALLANT, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

A.    I wish to enter a plea of guilty to Count 1 of the Indictment, which charges me as follows:

Count 1:    Felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## VIII.  <u>Adequacy of the Agreement</u>

Pursuant to Local Criminal Rule 11.2 (D)(8), this plea agreement is appropriate in that it applies the same sentencing guideline provisions that would otherwise be applicable to the defendant's sentence if he had gone to trial and had been convicted on Count 1 of the Indictment.  The sentence to be imposed under the terms of this plea agreement will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate himself.

## IX.  <u>Defendant's Agreement and Understanding of the Terms of this Plea Agreement</u>

I, JOSHUA GALLANT, being of sound mind and under no compulsion or threats, or promises not otherwise contained in this document, knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my agreement to and understanding of this plea agreement as follows:

A.     I wish to enter a plea of guilty to Count 1 of the Indictment, which charges me as follows:

<u>Count 1</u>:     Felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

I further wish to admit to Count 2 of the Indictment, which charges

me as follows:

Count 2:    Criminal forfeiture in accordance with 18 U.S.C.

§ 924(d)(1).

B.    I understand that by pleading guilty I give up and I agree to waive the

following rights:

-- The right to be indicted by the Grand Jury

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to a speedy and public trial by a jury on the issues of my guilt;

-- The right to object to the composition of the grand or petit jury;

-- The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

-- The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I

understand I am not waiving my right to have counsel continue
to represent me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me,
and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be
used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on
my property or person, or the validity of any seizures involving
Forfeiture Assets;

C.    I am fully aware that if I were convicted after a trial and sentence
were imposed on me thereafter, I would have the right to appeal any aspect of my
conviction and sentence.  Knowing this, I voluntarily waive my right to appeal my
conviction.  Furthermore, I also knowingly and voluntarily agree to waive my
right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this
case, if the court accepts this agreement and imposes a sentence within its terms.
Furthermore, I knowingly and voluntarily waive my right to collaterally attack any
aspect of my conviction or sentence, except for a challenge based upon ineffective
assistance of counsel – based on information not now known by me and which, in

the exercise of due diligence, could not be known by me by the time the court imposes the sentence--which affected either my guilty plea or the sentence imposed by the court. I am fully satisfied with the representation given me by my attorney, Rich Curtner. We have discussed all possible defenses to the charges in the Indictment. My attorney has investigated my case and followed up on any information and issues I have raised with my attorney to my satisfaction and my attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence calculation in my case. We have also discussed the sentencing estimates prepared by the government contained in this agreement and I understand they are intended to be binding on the court.

      D.    I further understand that if I plead guilty, there will not be a trial and that the court will ask me under oath to answer questions about this offense. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

E.    I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

F.    I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the court may want to impose if I plead guilty. I understand that the discussions between me and my attorney concerning my sentence exposure and the government's recommendation herein do bind the court if it accepts this agreement. I understand that the court has the ultimate discretion to determine the sentence to be imposed in my case. As specifically set forth in this agreement, I understand  that if the court deviates from the sentencing recommendations made by the United States and my attorney, I can withdraw my guilty plea and from this agreement.

G.    I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the court.

H.    This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no

other promises, assurances, or agreements between me, my attorney, and the

United States that have affected my decision to change my plea or to enter into this

agreement. If there were, I would so inform the court. I understand that if I

breach this agreement in any way the United States will be free to prosecute me on

all charges for which there is probable cause, arising out of the investigation of

this case, and to reinstate any charges dismissed pursuant to this agreement.

     I.     I have read this plea agreement carefully and understand it

thoroughly. I know of no reason why the court should find me incompetent to

enter into this agreement or to enter my plea. I understand the consequences of my

guilty plea. I enter into this agreement knowingly and voluntarily.

     I therefore wish to enter a plea of guilty to Count 1 of the Indictment, which

charges me with felon in possession of a firearm in violation of 18 U.S.C. §§

922(g)(1) and 924(a)(2), admit Count 2 of the Indictment, which charges me with

criminal forfeiture in violation of 18 U.S.C. § 924(d)(1) and, pursuant to FRCP

11(c)(1)(C), be sentenced to 36 months of imprisonment.

DATED:   _8/22/06_____       _Joshua J. Gallant_____
                                                 JOSHUA GALLANT
                                               Defendant

As counsel for the defendant, I have discussed with him the terms of this plea agreement, have fully explained the charges to which he is pleading guilty and the necessary elements, all possible defenses, and the consequences of his plea. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question his competency to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant' competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED:  8/22/06

RICH CURTNER
Attorney for JOSHUA GALLANT

On behalf of the United States, the following accept
JOSHUA GALLANT's offer to plead guilty under the terms of this plea
agreement.

DATED: ___8/22/06___

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

DATED: ___8/22/06___

DEBORAH M. SMITH
Acting United States Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Email: deb.smith@usdoj.gov

U.S. v. GALLANT
3:06-cr-00049-JWS
Plea Agreement                              20