Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA J. GALLANT,<br><br>Defendant. | NO. 3:06-cr-00049-JWS<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Joshua J. Gallant submits this memorandum to assist the court at the November 3, 2006, sentencing in this matter.

## I. INTRODUCTION.

Josh Gallant has entered into a plea agreement with the government pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that calls for a sentence of 36 months imprisonment. The Felon in Possession charge in this case is related to a charge of Stalking in which Mr. Gallant was sentenced in May of 2005, in the Alaska Superior Court in Juneau.

The composite sentence in the state included 24 months imprisonment, 12 months in community custody and 6 years of probation.

Mr. Gallant had served his term of imprisonment and was serving his term of community custody in a halfway house in Fairbanks when he was arrested in this case. The agreed upon sentence of 36 months reflects the Guideline sentence of this offense, with credit for the state sentence already imposed, and recognizes that Mr. Gallant was doing well on state supervision while in community custody and successfully pursuing rehabilitation when prosecuted in this case.

The parties will argue that the agreed upon sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a).

## II. TITLE 18 U.S.C. § 3663(a) SENTENCING FACTORS.

In the view of the government, this offense was sufficiently serious for the government to seek prosecution in federal court after Mr. Gallant was sentenced in state court. The government feels that the state sentence imposed was inadequate, but that an additional sentence of 36 months in federal custody would be sufficient.

Mr. Gallant was well into the process of rehabilitation when he was placed in federal custody. He had completed anger management courses at Lemon Creek Correctional Center and victim impact classes at the North Star facility in Fairbanks. When Mr. Gallant appeared in the District Court in Anchorage, he was released to the Cordova Center until his change of plea hearing.

In spite of the setback of going back into custody after serving most of his state sentence, Mr. Gallant has taken responsibility for his conduct and maintains a positive attitude toward his rehabilitation. His letter to the court is attached as Exhibit A.

The Sentencing Guideline range of imprisonment for this offense is 70 to 87 months. A sentence of an additional 36 months in federal prison would be consistent with the Sentencing Guidelines when the state sentence imposed is factored in.

## III. CONDITIONS OF SUPERVISED RELEASE.

Mr. Gallant recognizes that he needs additional mental health treatment in order to successfully maintain the progress he has made since being sentenced in 2005. He is willing to submit to drug testing. However, Mr. Gallant does not feel that he needs substance abuse treatment as a condition of supervision. Mr. Gallant has been in custody or on supervision since 1996, without any evidence of substance abuse. Drug treatment based on marijuana use when Mr. Gallant was a juvenile is unwarranted.

## IV. CONCLUSION.

The agreed upon sentence of 36 months imprisonment is sufficient, but not greater than necessary, to address the sentencing factors of 18 U.S.C. § 3553(a). Mr. Gallant asks that this court accept the plea agreement in this case and sentence Mr. Gallant accordingly.

DATED at Anchorage, Alaska this 30th day of October 2006.

Respectfully submitted,

s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone: 907-646-3400
Fax: 907-646-3480
E-Mail: rich_curtner@fd.org

Certification:
I certify that on October 30, 2006, a copy of the ***Defendant's Sentencing Memorandum*** was served electronically on:

David Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK 99513-7567

and a copy was hand delivered to:

Scott Kelley
Probation Officer
U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

s/Rich Curtner